**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ANTONIA ALVARADO-MORENO,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 23-1184

Agency No.
A215-932-973

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2024[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Antonia Alvarado-Moreno ("Alvarado-Moreno"), a native and citizen of El

Salvador, petitions for review of the Board of Immigration Appeals' ("BIA")

decision dismissing her appeal of the immigration judge's decision denying her

application for asylum, withholding of removal, and protection under the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Alvarado-Moreno's minor child is a derivative beneficiary of her asylum application. We have jurisdiction under 8 U.S.C. § 1252. "We review the denial of asylum, withholding of removal, and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. To qualify for asylum, an applicant must establish past harm rising to the level of persecution or a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42)(A). "Persecution . . . is an extreme concept" and "does not include every sort of treatment our society regards as offensive." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (citation omitted). A well-founded fear of future persecution may be shown by establishing past persecution or a "good reason to fear to fear future persecution." *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1133 (9th Cir. 2004) (citation and internal quotation marks omitted).

Alvarado-Moreno alleged that members of the Mara Salvatrucha ("MS-13") gang threatened her because they wanted to know the location of her brother. Neither she, her brother, nor other members of her family were physically harmed. The BIA did not err by determining that the MS-13 members' threats did not rise

23-1184

to the level of persecution and that she did not face a likelihood of future

persecution.[1]  *See Sharma*, 9 F.4th at 1063–65 (holding that the petitioner who

suffered threats, one-day detention, beating where he was not significantly injured,

and no physical harm to his family did not establish past persecution).

We do not address other grounds that the BIA did not rely upon in light of

its determination that Alvarado-Moreno failed to establish past persecution or a

well-founded fear of future persecution.  *See Santiago-Rodriguez v. Holder*, 657

F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider

only the grounds relied upon by that agency." (citation omitted)).

2. Withholding of removal requires an applicant to show a clear probability

of harm, *I.N.S. v. Stevic*, 467 U.S. 407, 413 (1984), a higher standard than that

governing asylum eligibility.  *Al-Harbi v. I.N.S.*, 242 F.3d 882, 888–89 (9th Cir.

2001).  Because Alvarado-Moreno failed to meet her burden of qualifying for

asylum, we also uphold the BIA's denial of withholding of removal.  *See Zehatye*

*v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) (holding that the petitioner's

---

[1] "When the BIA determines whether particular acts constitute persecution for purposes of asylum, we have held alternatively that the BIA's determination is reviewed de novo or for substantial evidence." *Singh v. Garland*, 97 F.4th 597, 603 (9th Cir. 2024).  Because we would affirm the agency's determination under any standard of review, we need not address the specific standard that applies in this case.  *See Fon v. Garland*, 34 F.4th 810, 813 n.1 (9th Cir. 2022) ("Because we would reach the same conclusion under any standard of review, we need not address whether a less deferential standard should pertain [to the BIA's past persecution determination].").

failure to establish asylum eligibility resulted in her illegibility for withholding of removal).

3. To qualify for CAT protection, an applicant must establish a clear probability of torture inflicted by or with the acquiescence of a public official or other person acting in an official capacity. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Substantial evidence supports the BIA's finding that Alvarado-Moreno failed to establish that she will be tortured with the acquiescence of a public official if returned to El Salvador. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) (stating that prior threats did not establish a likelihood of future torture when there was no physical harm and the government took steps to combat the crime); *see also Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam) (stating that law enforcement's unsuccessful combatting of gang violence did not establish government acquiescence).

4. The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.